IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID BAITY,
        Plaintiff,

vs.                                    Case No. 5:11cv48/RH/EMT

EDWIN BUSS et al.
        Defendants.

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on February 16, 2011, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). Now before the court is Plaintiff's amended civil rights complaint (doc. 12). Leave to proceed in forma pauperis was granted (doc. 14).

Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, (1989). Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. See Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief

above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 569 n.14 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46.))  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)).   Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.  Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of Plaintiff's complaint, the court concludes that sua sponte dismissal is warranted due to the expiration of the statute of limitations.  Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff was incarcerated at the Holmes Correctional Institution ("HCI") at the time the events giving rise to this complaint took place.  He names former Florida Department of Corrections Secretary Edwin Buss, Robert Warren of HCI, and an unspecified number of John and Jane Doe Defendants.  Pared to its essence, Plaintiff's claim is that he was denied access to the courts. Plaintiff relates that he appealed the denial of a petition for writ of habeas corpus to the Eleventh Circuit in August of 2005, and he sought assistance from an inmate law clerk in finding out the procedural requirements of that court (doc. 12 at 7).  The law clerk declined to assist Plaintiff, so Plaintiff approached Defendant Warren, who was employed in the prison library.  Plaintiff claims that he told Mr. Warren that if Plaintiff did not pay the docketing and filing fee by a certain date, he would default on his last opportunity to obtain appellate review in his case.  According to Plaintiff, Warren's unsympathetic response was "that's your problem, if you don't like it, file a grievance" (doc. 12 at 8–9).  Plaintiff claims that his appeal was dismissed as a result of Warren's actions on September 14, 2005 (*id.* at 9)

Plaintiff filed grievances about Warren's actions and complained that the lack of federal materials in the law library prevented him from accessing the courts.  He asserts that the representative from the Secretary's office, not Mr. Buss specifically, failed to investigate his

complaint and denied the grievance without a proper response, which action was in violation of DOC policy and the requirements of the Florida Administrative Code. The John and Jane Doe Defendants are not mentioned in the Statement of Facts. In his Statement of Claims, Plaintiff alleges that his First Amendment and Fourteenth Amendment rights were violated by the actions of Defendant Warren, Secretary Buss and the unnamed John and Doe Defendants who were responsible for promulgating the policies which resulted in the lack of federal legal materials and his alleged denial of access to the courts. He seeks compensatory and punitive damages,[1] costs and attorney's fees and any other relief the court deems proper and just (doc. 12 at 10).

The events complained of occurred in 2005 or, with respect to the denial of Plaintiff's grievance, in 2006 at the latest. Plaintiff's claims are thus barred by the statute of limitations. Because section 1983 does not contain a specific statute of limitations, 42 U.S.C.A. § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. The Supreme Court has further stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. Wilson v. Garcia, 471 U.S. 261, 276 (1985). Further, the Court stated that the statute, once selected, should govern all section 1983 actions arising in that state. *Id*. at 275; *see also* Jones v. Preuit & Mauldin, 763 F.2d 1250, 1252 (11th Cir. 1985) (citations omitted). The applicable statute of limitations in Florida, where Plaintiff's claim arose, is four (4) years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002); Baker v. Gulf & Western Industries, 850 F.2d 1480, 1481 (11th Cir. 1988); Owens v. Okure, 488 U.S. 235 (1989); Grace v. Wainwright, 761 F. Supp. 1520 (M.D. Fla. 1991); *see* Fla. Stat. § 95.11(3). A four-year statute of limitations is provided under section 95.11(3)(o), Florida Statutes, for actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment or any other intentional tort (with some exceptions not applicable here). Negligence is covered under § 95.11(3)(a). Any actions "not specifically provided for in these statutes" are also subject to a four-

---

[1] Even if Plaintiff's case were allowed to proceed, his claim for monetary damages would likely be foreclosed by subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Case No: 5:11cv48/RH/EMT

year statute of limitations.  Fla. Stat. 95.11(3)(p).  Thus, a four-year limitations period is applicable to Plaintiff's claims.  Because Plaintiff alleges that the denial of access to the courts took place in 2005, this case—initially filed in February of 2011—is barred by the statute of limitations and should be dismissed for failure to state an actionable claim.  *See* Yates, 535 F.3d at 1321 (complaint is subject to dismissal if an affirmative defense bars recovery).

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 22nd day of December, 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**